En el Tribunal Supremo de Puerto Rico

| In re:                          | Queja        |
| John T. Belk Arce               |              |
| Margarita Serapión              | 99 TSPR 121  |

Número del Caso: AB-98-44

Oficina del Procurador General:     Carlos Lugo Fiol,
                                    Procurador General

Abogadas del Querellado: Lcda. Rosalinda Pesquera de Dávila
                         Lcda. Judith Berkan

Fecha: 6/28/1999

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

John T. Belk Arce;
Margarita Serapión

AB-98-44

PER CURIAM

San Juan, Puerto Rico a 28 de junio de 1999

I.

En junio de 1992, los licenciados Juan R. Cancio, Luz Vela y Brunilda Rodríguez, del bufete de abogados "Martínez, Odell y Calabria", presentaron querellas disciplinarias contra los licenciados John T. Belk Arce y Margarita Serapión. En esencia, alegaron que ambos abogados querellados habían otorgado varios documentos públicos en los cuales hicieron constar que su estado civil era el de "soltero" cuando la realidad era que al momento de otorgarlos ambos abogados estaban casados entre sí.

En cuanto al Lcdo. Belk Arce, los querellantes señalaron que declaró falsamente ser soltero en la escritura pública número 38 de 15 de octubre de 1990, otorgada ante la licenciada Luz E. Vela y en las declaraciones juradas números 1337, 1353, 1361, 1365 y 1411, suscritas ante la licenciada Brunilda Rodríguez.  Por

su parte, en cuanto a la licenciada Serapión, los querellantes alegaron que había declarado falsamente ser soltera al otorgar la escritura número 47 de 19 de diciembre de 1989 ante la licenciada Luz E. Vela y en las declaraciones juradas números 1338, 1356 y 1408 suscritas ante la licenciada Rodríguez y en la número 51 suscrita ante el licenciado Juan R. Cancio.

Luego de la investigación de rigor, la Oficina del Procurador General emitió un informe. En él esbozó y analizó los argumentos de las partes, luego de lo cual concluyó que los abogados querellados incurrieron en conducta contraria al canon 35 del Código de Etica Profesional.

Dimos oportunidad a las partes a que comentaran los hallazgos y conclusiones del informe. En su réplica, los abogados querellados destacan que la presente queja se enmarca en una serie conflictos y procedimientos judiciales habidos entre ellos y los actuales socios del bufete "Martínez, Odell y Calabria", patrono sucesor del bufete "Martínez, Odell, Calabria y Sierra", del cual los querellados fueron socios hasta su disolución en 1992.[1]

Manifiestan, además, que los actos que se le imputan no fueron cometidos en el ejercicio de funciones como abogados ni como notarios. Arguyen que no se ha alegado ni demostrado que "los actos imputados fueran cometidos por los [querellados] para obtener algún beneficio personal" o que se haya "alegado y/o demostrado que un tercero haya sufrido algún perjuicio". **Réplica al Informe del Procurador**, en la pág. 23. Añaden que "lo cierto e innegable es que el licenciado Belk y la licenciada Serapión no tenían interés, ni obligación[] de "anunciar" [...] su relación matrimonial. Esto es así ya que temían ser objeto de represalias por parte de los socios del antiguo bufete ['Martínez, Odell, Calabria y Sierra']". Id. en la pág. 24. Nos señalan, además, que "la otra parte de la decisión de no anunciar afirmativamente en el bufete el hecho del matrimonio entre ambos se basó en el entendimiento de los licenciados Belk y Serapión sobre su derecho a la intimidad". Id., en la pág. 25.

---

[1] Belk Arce laboró en el bufete "Martínez, Odell, Calabria y Sierra", en calidad de socio no propietario desde 1987 hasta su disolución en 1992. La licenciada Serapión, por su parte, laboró en calidad de socia desde 1982 al 1983, y más tarde desde 1985 hasta el 1992.

Luego de evaluar los señalamientos de las partes, coincidimos con el Procurador General en que los abogados querellados incurrieron en la violación ética imputada.

II.

Los licenciados John Belk Arce y Margarita Serapión contrajeron nupcias el 5 de mayo de 1989 bajo el régimen de capitulaciones matrimoniales. Posterior a esa fecha otorgaron las escrituras públicas y demás documentos en las que, se alega, incluyeron información falsa.

Nuestro examen de los documentos sometidos por el Procurador General revela que el licenciado Belk Arce, como se alega, declaró ser soltero en la escritura pública número 38 sobre cancelación de pagaré otorgada el 15 de octubre de 1990 ante la licenciada Vela. **Apéndice del Informe del Procurador General**, en las págs. 4-8. Por su parte, la licenciada Serapión incurrió en la misma conducta al otorgar la escritura pública número 47, sobre compraventa de un espacio de estacionamiento otorgada el 19 de diciembre de 1989 ante la licenciada Vela, **Apéndice del Informe del Procurador General**, en las págs. 31-34, y la escritura número 7, sobre hipoteca en garantía de pagaré otorgada el 13 de julio de 1990 ante la licenciada Yvonne Vergne. **Apéndice del Informe del Procurador General**, en las págs. 35-46.

En cuanto a estas escrituras públicas, los querellados sostienen que su estado civil era inmaterial para las transacciones involucradas. Asimismo, niegan que los respectivos notarios indagaran sobre su estado civil al momento de otorgarlas. Admiten, sin embargo que, "de haberse percatado del error en dichas escrituras sobre sus respectivos estados civiles, probablemente no hubieran corregido el mismo debido al gran temor que tenían a ser objeto de represalias discriminatorias por parte de los licenciados Martínez, Odell y Calabria". **Réplica al Informe del Procurador**, en la pág. 31.

Por otro lado, en cuanto a las declaraciones juradas involucradas en la presente querella, el Procurador General sólo incluyó en su informe copia de los registros de testimonios de los notarios Brunilda Rodríguez y Juan Ramón Cancio ante quienes fueron suscritas. Los querellados, sin embargo, suministraron copia de algunas de ellas.

Según la prueba aportada, las declaraciones juradas números 1337 y 1356 fueron suscritas ante la licenciada Rodríguez para realizar un traspaso de titularidad de dos vehículos de motor. En ambas, el licenciado Belk Arce comparece como vendedor y la licenciada Serapión como compradora. La declaración jurada número 1338 fue suscrita en ocasión de un traspaso de la titularidad de un vehículo de motor por parte de la licenciada Serapión a otro comprador. La declaración jurada número 1353 fue suscrita por el licenciado Belk Arce como parte de un informe de una corporación doméstica. La anotación correspondiente a la declaración jurada número 1361 fue hecha como parte de una solicitud de admisión para litigar ante el Tribunal Supremo de Estados Unidos formulada por el licenciado Belk Arce. La anotación correspondiente a la declaración jurada número 1365 fue efectuada al suscribir un convenio para la custodia y manejo de valores. La declaración jurada número 1408 fue hecha en ocasión de una declaración jurada de la licenciada Serapión en torno a unos vicios de construcción. Finalmente, la declaración jurada número 1411 otorgada ante la licenciada Rodríguez fue suscrita por el licenciado Belk Arce como parte de una solicitud de un número de identificación de arbitrios para fabricantes.

Por su parte, la licenciada Serapión suscribió la declaración jurada número 51 ante el licenciado Cancio como parte de una carta de indemnización. Al respecto, el Procurador General nos sometió copia de la anotación correspondiente en el registro de testimonios del notario y copia de su índice notarial del mes de enero de 1991.

Así pues, en el expediente contamos sólo con las copias de las declaraciones juradas relacionadas al traspaso de titularidad de varios vehículos de motor y con copia de la declaración jurada número 1408 suscrita por la licenciada Serapión ante la licenciada Rodríguez. En cuanto a las declaraciones relativas al traspaso de titularidad de vehículos de motor, el estado civil de los comparecientes no se expresa en el documento. Se trata, pues, de un formulario preestablecido por el Estado en la cual los comparecientes no tienen que hacer expresión de ese dato. Por lo tanto, la única referencia al estado civil de los comparecientes en el contexto de estas declaraciones juradas se hace en la anotación del notario en su registro de testimonios.

Por otro lado, en la declaración jurada número 1408 aludida por el Procurador General, se afirma que el estado civil de la licenciada Serapión es el de casada, contrario a la anotación correspondiente en el registro de testimonios de la licenciada Rodríguez. De este modo, tenemos una anotación en el registro de testimonios que, en cuanto a ese dato, no corresponde a lo afirmado en la declaración jurada.

Ante todo lo anterior, los querellados sostienen que las anotaciones en torno a las declaraciones juradas en controversia constituyen actos unilaterales de los notarios y, por lo tanto, no imputables a ellos.

Somos conscientes de las dificultades probatorias que plantea el hecho de que no contamos con copia de todas las declaraciones juradas aludidas, particularmente para propósitos de determinar si la declaración falsa sobre el estado civil en tales documentos es imputable exclusivamente a los abogados querellados o si es el resultado de una omisión de los notarios. Sin embargo, contamos con copia de las escrituras públicas en las que los abogados querellados suscriben que su estado civil era de "soltero" cuando la realidad era otra. Ello, nos mueve a avalar los hallazgos del Procurador General.

III.

El canon 35 de Etica Profesional dispone, en lo pertinente, lo siguiente:

> La conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.
>
> No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho. [...].
>
> El abogado debe ajustarse a la sinceridad de los hechos al examinar los testigos, al redactar afidávit u otros documentos, y al presentar causas. [...]. 4 L.P.R.A. Ap. IX C. 35.

Recientemente afirmamos que esta disposición impone a los abogados "unas normas mínimas de conducta que sólo pretenden preservar el honor y la dignidad de la profesión. Por ello, deben ser observadas por los abogados, no sólo en la tramitación de pleitos sino también **en toda faceta en la que se desempeñen**". In re: Fred H. Martínez y Lawrence Odell, res. el 12 de abril de 1999, 99 TSPR 53. (Enfasis suplido). También reafirmamos que, con su firma, los abogados no pueden suscribir hechos falsos. Id.; Alonso García v. Comisión Industrial, 120 D.P.R. 752, 755 (1974).

En el presente caso, es evidente que los abogados querellados suscribieron documentos con información contraria a la verdad. Sus planteamientos en términos de que su actuación fue resultado del temor que tenían de ser despedidos de su empleo y de su derecho a la intimidad a no hacer público su matrimonio no nos persuaden para no ejercer nuestra jurisdicción disciplinaria.

Independientemente del temor que los licenciados Belk Arce y Serapión tuvieron de ser despedidos del bufete en el que laboraban si se conocía públicamente que estaban casados entre sí, --temor que, conforme a lo resuelto en Belk Arce v.

<u>Martínez</u>, res. el 30 de junio de 1998, 98 TSPR 109, ciertamente fue fundado--, los hechos incontrovertidos nos mueven a concluir que ambos abogados incurrieron en la violación ética imputada.

El temor al despido del empleo no justifica, como pretenden los querellados, que un abogado afirme como ciertos y bajo juramento hechos que sabe que son falsos. Tampoco los exime de responsabilidad ante este Foro.

El deber que, conforme al Canon 35 de Etica Profesional, tiene un abogado de ser fiel a la realidad de los hechos al suscribir documentos y declaraciones juradas trasciende el ejercicio de sus funciones como abogado o notario. Incluye aquellas facetas de su vida en las que se despoja de su toga de abogado para convertirse en un ciudadano común. Ese deber debe ser cumplido estrictamente aunque el así hacerlo conlleve sacrificios personales. <u>Véase</u>, Canon 38 de los de Etica Profesional, 4 L.P.R.A. Ap. IX C. 38. No podemos, pues, refrendar tal conducta independientemente de que ninguna persona ha resultado perjudicada. El mero hecho de mentir bajo juramento por un abogado es una conducta lesiva al buen nombre de la profesión y a las instituciones de justicia, independientemente de los motivos que se tengan para ello.

En vista de lo anterior, del hecho de que con su actuación los querellados no perjudicaron a otras personas y de que esta es la primera ocasión en que se tramita una querella disciplinaria en su contra, en esta ocasión limitaremos nuestra intervención disciplinaria a censurar enérgicamente a los licenciados John T. Belk Arce y Margarita Serapión. En lo sucesivo deberán actuar con mayor cautela, observando rigurosamente los preceptos de los Cánones de Etica Profesional.

Se emitirá la correspondiente sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

John T. Belk Arce;
Margarita Serapión

AB-98-44

SENTENCIA

San Juan, Puerto Rico a 28 de junio de 1999

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente sentencia, se censura enérgicamente a los licenciados John T. Belk Arce y Margarita Serapión por haber actuado de forma contraria al Canon 35 de Etica Profesional.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emitió opinión concurrente. El Juez Asociado señor Fuster Berlingeri no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

**In re:**

**John T. Belk Arce y**                          **AB-98-44**
**Margarita Serapion**

OPINIÓN CONCURRENTE EMITIDA POR EL JUEZ
ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico a 29 de junio de 1999

**No obstante estar conformes con el <u>resultado</u> al que llega una mayoría de los integrantes del Tribunal en la Opinión Per Curiam que en el presente caso se emite -- esto es, que se <u>censure enérgicamente</u> a los abogados John T. Belk Arce y Margarita Serapión en relación con la conducta que a éstos se le imputa-- consideramos necesario expresarnos por separado.**

**I**

En el pasado hemos señalado, en varias ocasiones, que aun cuando es correcto que la <u>consistencia</u> en nuestras decisiones no es una

garantía absoluta de la corrección de las mismas, no hay duda que la misma resulta ser de gran importancia. En primer lugar, ser consistentes imprime estabilidad, confiabilidad y credibilidad a nuestro sistema de justicia. En segundo término, y desde el ámbito individual, la consistencia nos brinda tranquilidad de conciencia. Por otro lado, y desde un punto de vista institucional, la misma evita que el Tribunal emita decisiones injustas; ello así ya que si juzgamos a todo el mundo en forma consistente, resulta casi imposible que caigamos en la injusticia.

Dicha consistencia adquiere singular importancia en casos de conducta profesional, esto es, cuando se imputa a determinado abogado que ha incurrido en un curso de acción que resulta violatorio de los Cánones de Etica Profesional. Como casi todo en la vida, existen gradaciones en la conducta anti-ética. Hay acciones que son más graves que otras. Véase: In re: Arroyo Rivera, Res. el 19 de mayo de 1999, 99 TSPR 78. Las sanciones disciplinarias a imponerse, en consecuencia, también necesariamente tienen que ser distintas.

Ahí, precisamente, radica la diferencia de opinión que nos separa de la mayoría de los integrantes del Tribunal en el presente caso.

## II

La conducta que se imputa a los abogados Belk Arce y Serapión, no hay duda, no es una liviana. Estos, admitidamente, falsamente aseveraron, bajo juramento y en varias ocasiones, que eran "solteros" cuando en realidad eran casados entre sí. En otras palabras, e independientemente de las "razones" que tuvieron para asi actuar, dichos abogados claramente incurrieron en el delito de perjurio.

¿Resulta suficiente la sanción disciplinaria impuesta a éstos por el Tribunal? Personas razonables pueden diferir razonablemente. Debe haber personas del criterio a los efectos de que la sanción en este

caso debería ser algo más que una censura. Pueden existir otras que piensen lo contrario. Personalmente --y aun cuando, de primera intención, somos del criterio que la sanción a imponerse en el presente caso podría ser más severa-- no tenemos mayor objeción a la misma.

Lo que realmente nos preocupa es otra cosa, a saber: si es que en un caso de perjurio resulta procedente, únicamente, la sanción de la "censura enérgica", ¿cómo es posible que esa misma sanción sea la procedente en una situación de menor gradación o gravedad. Nos referimos, naturalmente, a la reciente Opinión Per Curiam emitida por el Tribunal en el caso de In re: Martínez y Odell, Res. el 12 de abril de 1999, 99 TSPR 53; caso en que los mencionados abogados, en opinión de la propia Mayoría, violaron las disposiciones del Canon 35 de Etica Profesional al no hacer mención en una escritura pública que otorgaron del hecho de que, además de ellos, había otros dos socios que componían la sociedad profesional a la que pertenecían.

En el presente caso, se faltó a la verdad bajo juramento. En el otro caso no se aclaró totalmente una situación. ¿Resulta procedente la imposición de la misma sanción disciplinaria en ambos? La contestación en la negativa parece ser clara. El curso decisorio seguido en los dos casos, cuando menos, parece ser un tanto inconsistente. Es por ello que diferimos de la Mayoría y hemos entendido procedente expresarnos por separado.


**FRANCISCO REBOLLO LÓPEZ**
**Juez Asociado**