EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Lourdes Cales Santiago | 2002 TSPR 26<br><br>156 DPR \_\_\_\_ |

Número del Caso: TS-10,464

Fecha: 22/octubre/2001

Oficina del Procurador General:
                        Lcda. Cynthia Iglesias Quiñones
                        Procuradora General Auxiliar

Abogados de la Parte Querellada:
                        Lcdo. Francisco Dolz Sánchez
                        Lcda. Laura Maldonado Rodríguez

Materia: Conducta Profesional
        (La suspensión de esta abogada advino final y firme el
         día 4 de febrero de 2002)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Lourdes Cales Santiago                    TS-10,464

PER CURIAM

San Juan, Puerto Rico, a 22 de octubre de 2001

El 27 de junio de 1997, la Lcda. Lourdes Cales Santiago (en adelante Lcda. Cales Santiago o querellada) compareció voluntariamente a declarar ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico (en adelante Tribunal de Distrito Federal) en el caso <u>U.S. v. José Mercado Febles</u> (Criminal Núm. 1996-337). Su declaración, bajo juramento, consistió en decir que ella desconocía sobre los actos delictivos del acusado en el trasiego de sustancias controladas. Esta declaración era sumamente importante para la

concesión o denegatoria de la fianza del acusado.

Un fiscal federal presentó una acusación de dos cargos de perjurio contra la Lcda. Cales Santiago. Ante estas circunstancias, el 14 de junio de 1999, se llegó a una alegación preacordada donde la querellada admitió culpabilidad en uno de los cargos de perjurio y el ministerio fiscal retiró el otro cargo. De la versión de los hechos del gobierno federal en la alegación preacordada surge que había evidencia que ubicaba a la abogada en el mismo lugar del acusado cuando éste hacía transacciones ilegales, y ella lo ayudaba en ocasiones a efectuarlas, además, ésta contabilizó dinero producto de estas transacciones. Se estipuló que el falso testimonio de la Lcda. Cales Santiago lo prestó para tratar de influenciar al juez para que le concediese fianza al acusado. La querellada pensaba que su estatus de abogada profesional influiría en el ánimo del juez y sostendría la veracidad de su testimonio. La Lcda. Cales Santiago fue sentenciada a dos (2) años en probatoria el 20 de enero de 2000.

El 28 de febrero de 2001, el Procurador General presentó la correspondiente querella, y solicitó la separación inmediata de la querellada del ejercicio de la profesión de abogada. Vista la querella, el 30 de marzo de 2001, le concedimos a la Lcda. Cales Santiago cinco (5) días para que presentara contestación. Luego de concederle una prórroga para contestar, el 22 de junio de 2001 suspendimos inmediata y provisionalmente a la abogada. Le impusimos el deber de notificarnos que cumplió con informarle a sus clientes y a los tribunales su inhabilidad de ejercer su profesión de abogada. La notificación personal de esta Resolución se efectuó el 28 de junio de 2001.

Finalmente, el 1 de agosto de 2001, la querellada presentó su contestación. En ésta expresó que su conducta fue motivada por el deseo de que el padre de la criatura que llevaba en su vientre estuviese presente para el alumbramiento. Alegó que, "al momento de los hechos que dan paso a la querella [ella] pensaba como madre, interesada en que su hijo tuviera su padre presente". Añadió que "el Tribunal de Distrito de los Estados Unidos no ha producido las transcripciones necesarias para presentar evidencia completa y veraz, sobre la totalidad de las circunstancias

alrededor del incidente imputado en la querella".[1]  No obstante lo anterior, expresó que "no queda[ba] otra alternativa que contestar aceptando los hechos alegados en la querella presentada por la Oficina del Procurador General".  Ni en la contestación, ni posterior a ésta, nos informó que había cumplido con nuestra orden de 22 de junio de 2001.  Al considerar lo antes expuesto, procedemos a resolver.

I

La Ley de 11 de mayo de 1909, 4 L.P.R.A. § 735 dispone que el abogado que fuese culpable de engaño, conducta inmoral, delito grave o menos grave en relación con su práctica de la abogacía, o que fuere culpable de cualquier delito que implique depravación moral, puede ser destituido o suspendido de su profesión.  No cabe la menor duda que el delito de perjurio implica depravación moral, y, como tal, puede provocar la destitución o suspensión de la profesión de abogacía.[2]  Aunque el delito cometido por la querellada no fue en la gestión de sus funciones como abogada, sí fue dentro de un proceso judicial.  La Lcda. Cales Santiago usó su estatus como abogada en la comisión del delito.  Esto es, pensó que el juez le impartiría mayor credibilidad a su falso testimonio precisamente por ser abogada.  Esta premisa, por sí sola, atenta contra la fundación de los pilares de ética que sostienen a la profesión legal.

Además de la aplicación de la Ley de 11 de mayo de 1909, *supra*, la querellante violentó los Cánones de Ética Profesional 9 y 35, 4 L.P.R.A. Ap. IX C. 9 y 35.  El Canon 9 expresa que el abogado debe observar una conducta ante los tribunales que se caracterice por el mayor respeto.  Mentir, sin considerar el agravante de hacerlo en una vista judicial y bajo juramento,

---

[1]     Acompañó la contestación con una copia donde el Tribunal de Distrito Federal declaró con lugar, el 21 de mayo de 2001, la moción de la querellada solicitando la producción de las transcripciones del caso.

[2]     Hemos sido consistentes en la suspensión de abogados que cometen delitos que impliquen depravación moral.  En In re Rúa Cabrer, 132 D.P.R. 431 (1992), suspendimos al abogado por haber cometido el delito de fraude. En In re Rivera Medina, 127 D.P.R. 600 (1990), suspendimos al abogado por haber sido convicto por extorsión.  Debemos recordar que no es necesaria

dista sustancialmente del respeto que todo abogado le debe al tribunal. Esta actuación se contrapone de manera inaceptable al deber de los abogados, como funcionarios auxiliares del tribunal, de colaborar en la compartida e indivisible encomienda de lograr la verdad y administrar cumplida justicia. Reyes v. Jusino, 116 D.P.R. 275 (1985).

La comisión de perjurio también viola el Canon 35 de Ética Profesional. Este Canon le requiere sinceridad y honradez a todo miembro de la profesión legal en su relación con los tribunales. Véase, In re Belk Arce, res. el 28 de junio de 1999, 99 TSPR 121; In re Martínez, res. el 25 de junio de 1999, 99 TSPR 118. La querellada desvirtuó un elemento vital en la consecución de la justicia: la verdad.

Por los fundamentos que anteceden, modificamos la suspensión provisional impuesta a la querellada a una suspensión indefinida de la profesión de la abogacía. No encontramos justificación alguna para la actuación de la querellada. Como agravante de lo ya grave, consideramos su incumplimiento con nuestra Resolución de 22 de junio de 2001. Le ordenamos nuevamente notificar a todos sus clientes de su inhabilidad de seguir representándolos, de devolverles cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá certificarnos dentro de un término de treinta (30) días, contados a partir de la notificación de esta Per Curiam y sentencia, el cumplimiento de estos deberes, notificando también al Procurador General. El incumplimiento con esta orden podrá reflejarse en la imposición de ulteriores sanciones.

Se dictará la correspondiente sentencia.

---

una convicción de delito para determinar que el abogado incurrió en faltas de carácter ético.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Lourdes Cales Santiago                    TS-10,464

SENTENCIA

San Juan, Puerto Rico, a 22 de octubre de 2001

Por los fundamentos expresados en la Per Curiam que antecede, suspendemos indefinidamente a la querellada de la profesión de la abogacía, modificando así la suspensión provisional impuesta el 22 de junio de 2001. No encontramos justificación alguna para la actuación de la querellada. Como agravante de lo ya grave, consideramos su incumplimiento con nuestra Resolución de 22 de junio de 2001. Le ordenamos nuevamente notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolverles cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá certificarnos dentro de un término de treinta (30) días, contados a partir de la notificación de esta Per Curiam y sentencia, el cumplimiento de estos deberes, notificando también al Procurador General. El incumplimiento con esta orden podrá reflejarse en la imposición de ulteriores sanciones.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo