per curiam:
El abogado Luis A. Toro Goyco fue admitido a la práctica de la abogacía el 7 de junio de 1967 y juramentó como notario el 5 de febrero de 1970. Tras una investigación efectuada por el Departamento de Hacienda, se le notificó al querellado deficiencias en sus planillas de contribución sobre ingresos para 1988, 1989 y 1990. A raíz de ello, contra Toro Goyco se presentaron denuncias, por delito grave, por alegada violación a la Sec. 425(b)(1) de la Ley de Contribuciones sobre Ingresos de Puerto Rico de 1954.(1)
*434 El 19 de mayo de 1994, y como consecuencia de una alegación preacordada, Toro Goyco se declaró culpable de tres cargos —todos menos grave— por violación a la entonces vigente Sec. 145(a) de la Ley de Contribuciones sobre Ingresos de Puerto Rico de 1954.(2) Además, se le requirió el pago de $350,000 en concepto de contribuciones adeudadas y no pagadas en relación con los antes mencionados años contributivos. Señalado el caso ante el Tribunal de Primera Instancia, Sala Superior de San Juan, el querellado fue condenado al pago de $300 de multa por cada cargo. Toro Goyco cumplió con todas las sanciones impuestas, incluso el pago adeudado por contribuciones.
El 23 de octubre de 1995, el Procurador General de Puerto Rico presentó un informe ante este Tribunal en el cual hizo referencia a los hechos antes relatados. Adujo que las actuaciones de Toro Goyco constituían delitos que implicaban depravación moral y conllevaban la suspensión o destitution de la profesión de la abogacía y la notaría. También adujo que la conducta de Toro Goyco contravenía *435 lo dispuesto en el Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX (Canon 38).
El 4 de marzo de 1996, Toro Goyco sometió su contestación al informe presentado por el Procurador General. No obstante admitir los hechos correspondientes a su convicción, negó haber incurrido en un patrón de conducta constitutiva de depravación moral o de haber menospreciado la ley y las buenas normas de conducta profesional.
El 20 de abril de 2004, luego de examinar tanto el informe del Procurador General como la contestation de Toro Goyco, instruimos al Procurador General para que presentara la correspondiente querella. El 29 de junio de 2004, el Procurador General presentó la querella contra Toro Goyco. En ella se formularon dos cargos contra el querellado.
En el primer cargo se aduce que las deficiencias contributivas en que Toro Goyco incurrió constituyen conducta revestida de depravación moral. En el segundo cargo se sostiene que Toro Goyco violó el Canon 38 por incurrir en conducta impropia y fraudulenta, lesionando así el honor y la dignidad de la profesión legal. En su contestación a la querella, Toro Goyco reiteró que el delito por el cual hizo alegación de culpabilidad era menos grave, que no implica depravación moral. Sostuvo, además, que no incurrió en conducta impropia de acuerdo con el Canon 38.
Examinada la querella presentada por el Procurador General y la contestación de Toro Goyco, designamos una Comisionada Especial para que recibiera prueba y rindiera un informe con las correspondientes determinaciones de hecho y recomendaciones. Habiéndose rendido el informe, resolvemos.
I
Reiteradamente hemos establecido que este Tribunal tiene poder inherente para regular la profesión y *436 disciplinar a sus miembros. En lo pertinente, la See. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. see. 735), establece:
El abogado que fuere culpable de engaño, conducta inmoral {malpractice), delito grave {felony) o delito menos grave {misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultadla] para dejar sin efecto o modificar la orden de suspensión. (Enfasis suplido.)
La referida ley establece las instancias que ameritan la separación de la profesión de un abogado. Vemos que no sólo la comisión de un delito grave o menos grave en conexión con la profesión acarrea la separación de la abogacía, sino también cualquier delito que conlleve depravación moral.
Este Tribunal ha tenido la oportunidad de interpretar en diversas ocasiones qué conducta constituye depravación moral. La primera vez que definimos el término “depravación moral” fue en Morales Merced v. Tribunal Superior, 93 D.P.R. 423, 430 (1966), donde establecimos que
[l]a depravación moral, tratándose de abogados, consiste ... en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral, como el delito de extorsión o el de defalco. En Jordan v. De George, 341 U.S. 223, 229 (1951), se resolvió que todo delito en que el fraude era un ingrediente básico siempre se había considerado que implicaba torpeza moral. ... En general la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de *437 su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias. (Enfasis suplido.) Véanse, también: In re Vega Morales, 167 D.P.R. 331 (2006); In re Piñero Martínez, 161 D.P.R. 293 (2004); In re León Sánchez, 159 D.P.R. 889 (2003); In re Calderón Nieves, 157 D.P.R. 299 (2002); In re García Quintero, 138 D.P.R. 669 (1995).
Por otro lado, el Canon 38 dispone que un abogado debe exaltar su profesión y “evitar hasta la apariencia de conducta profesional impropia”.(3) Por ende, los abogados tienen la obligación de preservar el honor y la dignidad de su profesión. El deber de comportarse conforme al Canon 38 aplica tanto dentro como fuera de la profesión. En otras palabras, un abogado que actúe de manera impropia no podrá justificar su conducta aduciendo que no se relaciona con la profesión de la abogacía. Siempre que la actuación del abogado afecte su condición moral, este Tribunal podrá sancionarlo. Véanse: In re Deynes Soto, 164 D.P.R. 327 (2005); In re Peña Peña, 153 D.P.R. 642 (2001); In re Astacio Caraballo, 149 D.P.R. 790 (1999); In re Belk, Serapión, 148 D.P.R. 685 (1999); In re Martínez, Odell I, 148 D.P.R. 49 (1999); In re Ramírez Ferrer, 147 D.P.R. 607 (1999); In re Rivera Cintrón, 114 D.P.R. 481, 491 (1983); Colegio de Abogados de P.R. v. Barney, 109 D.P.R. 845 (1980).
*438 II
Nos toca resolver si las actuaciones de Toro Goyco constituyeron depravación moral y conducta impropia. Tras una alegación preacordada con el Ministerio Público, el querellado se declaró culpable y fue convicto de tres cargos por infracción a la entonces vigente Sec. 145(a) de la Ley de Contribuciones sobre Ingresos de 1954. Como parte de la alegación preacordada, acordó con el Departamento de Hacienda pagar $350,000, suma que satisfizo.
Toro Goyco sostiene que, contrario a In re Rivera Cintrón, ante, e In re Calderón Nieves, ante, en donde se suspendió indefinidamente a los abogados por no haber rendido planillas, su caso no es de delito grave que implique depravación moral. El querellado enfatiza que el delito por el cual fue convicto era menos grave. Explica que el ratio decidendi en In re Rivera Cintrón, ante, y en In re Calderón Nieves, ante, estribó en que el delito era grave y, por ende, “reflejan circunstancias distintas y mucho más serias”. Objeciones al Informe de la Comisionada Especial, pág. 4. No estamos de acuerdo.
El ratio decidendi en In re Rivera Cintrón, ante, y en In re Calderón Nieves, ante, no aluden al grado del delito como razón para concluir si existe, o no, depravación moral como argumenta el querellado. Más bien, el razonamiento esbozado en los casos enfoca la naturaleza deshonesta e implicaciones morales del delito. Por ejemplo, en In re Calderón Nieves, ante, expusimos lo siguiente:
Estimamos que el delito grave de no presentar las planillas de contribución sobre ingresos denota “depravación moral”. Así lo resolvimos en In re Rivera Cintrón, ante. Este delito claramente demuestra una deficiencia inherente del sentido de la moral y la rectitud de parte de la persona que así actúa', esto es, conlleva de parte de la persona la intención de hacer algo contrario a la honradez, los buenos principios y la moral, actuación que ciertamente es fraudulenta. (Entasis suplido.)
*439 Como podemos notar, la alusión a que el delito era grave se hizo como cuestión de hecho. Lo importante es que de la cita se desprende que el análisis de lo que comprende depravación moral está basado en la intención del actor y en la naturaleza engañosa de la acción.
En In re Vega Morales, ante, resolvimos unos hechos diferentes, pero relacionados a lo que constituye depravación moral. En lo pertinente, Vega Morales fue convicta del delito menos grave de tentativa de apropiación ilegal, el cual conllevó multa de $200. Ella, al igual que Toro Goyco, alegó que su conducta no constituía depravación moral. No obstante, Vega Morales fue separada indefinidamente de la profesión. En ese caso, nuestros fundamentos fueron similares a los esbozados en In re Rivera Cintrón, ante, y en In re Calderón Nieves, ante, en cuanto a lo que implica depravación moral, sin importar la distinción entre delito grave o menos grave. Este Tribunal sostuvo que su “actuación denota un comportamiento contrario a la justicia, la honradez, los buenos principios y la moral. ... Su conducta tampoco fue sincera y honrada!;] demuestra claramente falta de honestidad de la licenciada Vega Morales”. In re Vega Morales, ante.
No hay duda que el querellado fue convicto en tres cargos por delitos menos grave. Tampoco hay duda de que, en esencia, dicho delito comprende falta de honestidad y conducta contraria a la honradez, cuestión medular al concluir si existe depravación moral en la conducta del abogado. Toro Goyco, a sabiendas, dejo de someter información en su planilla de contribución sobre ingresos por tres años consecutivos, acción que ciertamente revela conducta contraria a la honradez, los buenos principios y la moral. Dichas actuaciones violan la See. 9 de la Ley de 11 de marzo de 1909, ante, como también el Canon 38 de Etica Profesional.
*440 III
Por los fundamentos antes expuestos, procede ordenar la separación inmediata e indefinida de Luis A. Toro Goyco del ejercicio de la abogacía y de la notaría en Puerto Rico.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Fuster Berlingeri no intervino. El Juez Asociado Señor Rivera Pérez se inhibió. Los Señores Jueces y Señoras Juezas que intervinieron lo hacen por Regla de Necesidad.

 Dicha ley, ahora derogada, establecía:
“... Cualquier persona que voluntariamente hiciere y suscribiere cualquier planilla declaración u otro documento que contuviere, o estuviere autenticada mediante, una declaración escrita al efecto de que se rinde bajo las penalidades de peijurio, la cual planilla o declaración o el cual documento ella no creyere ser ciertos y correctos en cuanto a todo hecho pertinente, será culpable de delito grave y castigada con multa no mayor de $2,000 [o] reclusión por no más de 5 años en la institución penal que designe el Secretario de Justicia, o ambas penas.” 13 L.P.R.A. sec. 3424 (ed. 1976).

 En lo pertinente, dicha sección disponía:
“(a) Omisión de Depositar Contribueiones Deducidas y Retenidas.-—Cualquier persona que, en violación a lo dispuesto en la sec. 3421A de este título, dejare de depositar cualquier contribución en la forma y fecha allí prescritas, será informada por el Secretario de tal omisión mediante notificación escrita enviada por correo certificado con acuse de recibo o entregada personalmente a dicha persona, quien deberá cobrar aquellas contribuciones impuestas por la see. 3141 de este título que son exigibles después de la entrega de tal notificación y depositar las mismas, no más tarde del quinto día laborable después de la fecha en que se cobre dicha contribución, en las Colecturías de Rentas Internas del Estado Libre Asociado de Puerto Rico, en el Negociado de Contribución sobre Ingresos del Departamento de Hacienda o en cualquiera de las instituciones bancarias designadas como depositarías de fondos públicos y que hayan sido autorizadas por el Secretario a recibir tal contribución, según provee en la sec. 3421B de este título. En el caso de una corporación, sociedad o fideicomiso, una notificación por correo certificado con acuse de recibo o entregada personalmente a un oficial, socio o fiduciario de tales organizaciones será considerada, para fines de esta sección, como si fuera entregada a la corporación, sociedad o fideicomiso.
“(b) Penalidad.—Cualquier persona que, habiendo recibido una notificación del Secretario según se provee en el apartado (a), dejare de cumplir con los requisitos de dicho apartado, en adición a otras penalidades provistas por ley, incurrirá en delito menos grave y convicta que fuere será castigada con multa no mayor de $5,000 [o] reclusión por no más de 1 año, o ambas penas, a discreción del tribunal.” 13 L.P.R.A. sec. 3145A (ed. 1976).

 En lo pertinente, el Canon 38 dispone:
“El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. En su conducta como funcionario del tribunal, deberá interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia. ...
“Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse de forma digna y honorable.”