Los Jueces Asociados Señores Fuster Berlingeri y Rivera Pérez se inhibieron.

*In re* VÍCTOR LUIS CALDERÓN NIEVES, querellado.

*Número:* TS-3439          *Resuelto:* 21 de junio de 2002

*Israel Roldán González*, abogado del querellado; *Roberto J. Sánchez, procurador general*, y *Noemí Rivera de León, procuradora general auxiliar.*

PER CURIAM: El abogado Víctor L. Calderón Nieves fue admitido al ejercicio de la abogacía el 14 de enero de 1970, y a la práctica de la notaría el 5 de marzo de ese mismo año, en Puerto Rico. Durante 1996, el Ministerio Fiscal presentó ante la Sala Superior de San Juan del Tribunal de Primera Instancia, cuatro pliegos acusatorios, por alegadas violaciones a la Sec. 58 de la Ley Núm. 91 de 29 de junio de 1954, conocida como la Ley de Contribución sobre Ingresos de 1954 (13 L.P.R.A. ant. sec. 3058), y cuatro pliegos acusatorios por alegadas violaciones a la Sec. 145(c) de la referida ley, 13 L.P.R.A. ant. sec. 3145(c); ello como consecuencia de éste *no* haber rendido —durante 1989, 1990, 1991 y 1992— *ni* la Declaración de Contribución Estimada *ni* las Planillas de Contribución sobre Ingresos relativas a los mencionados años.

Luego de varios trámites procesales, el 4 de marzo de 1996 la defensa y el Ministerio Fiscal le informaron al tribunal de instancia que habían llegado a una "alegación preacordada", consistente en que el abogado Calderón Nieves hacía alegación de culpabilidad por las cuatro violaciones a la Sec. 145(c) de la Ley de Contribuciones sobre Ingresos, ante,([1]) a cambio de lo cual el Estado le archivaría los cuatro cargos por infracción a la Sec. 58 de la referida ley, ante.

Aceptada la referida alegación preacordada por el tribu-

---

([1]) La Sec. *145(c)* de la Ley Contribución sobre Ingresos de 1954 (13 L.P.R.A. sec. 3145(c) (ed. 1976)) —actual, Art. 133 del Código de Rentas Internas, 13 L.P.R.A. sec. 8054— establecía:

"Dejar de Rendir Planillas: Cualquier persona obligada bajo este subtítulo *a rendir una planilla o declaración*, dentro del término o términos fijados por ley o por reglamentos, en adición a otras penalidades provistas por ley, *será culpable de un delito grave.*" (Énfasis suplido.)

nal de instancia, el abogado fue sentenciado a cumplir, en probatoria, seis meses de cárcel en cada uno de los cuatro cargos, a ser cumplidos de forma concurrente entre sí, sentencias que, posteriormente, fueron "corregidas".(2) Resulta procedente señalar que la imposición de dichas sentencias *no* fueron notificadas *ni* a la Oficina del Procurador General de Puerto Rico *como tampoco* a este Tribunal.(3)

Ello no obstante, y habiendo advenido la Oficina del Procurador General en conocimiento de estos hechos, dicho funcionario —con fecha 8 de agosto de 2001— presentó ante este Tribunal una "querella" en contra del referido abogado. En ella, y luego de exponer los hechos pertinentes, el Procurador General de Puerto Rico nos solicita que, con motivo de las antes mencionadas convicciones, decretemos "la separación indefinida del abogado Víctor L. Calderón Nieves del Ejercicio de la Profesión y se elimine su nombre del registro de abogados".

Mediante Resolución de 7 de septiembre de 2001 le concedimos término a Calderón Nieves para que contestara la querella presentada por el Procurador General de Puerto Rico. Luego de habérsele concedido prórroga para así hacerlo, Calderón Nieves presentó, el 3 de noviembre de 2001, la correspondiente contestación a querella. En ésta, en síntesis y en lo pertinente, *acepta* los hechos fundamentales de la querella presentada, esto es, el hecho de que fuera convicto por cuatro infracciones a la antes mencionada Sec. 145(c) de la Ley de Contribución sobre Ingresos de Puerto Rico. Ello no obstante, y por los "fundamentos" que más adelante expresaremos, solicita de este Tribunal que "desestime la querella radicada".

---

(2) Dichas sentencias fueron, a petición del Ministerio Público, posteriormente corregidas por el tribunal de instancia *por ser contrarias a derecho.* A esos efectos, y mediante resolución de 13 de mayo de 1997, el tribunal le impuso a Calderón Nieves una sentencia de dos años, en cada uno de los cuatro cargos, a ser cumplidas de forma concurrente entre sí y en probatoria.

(3) Los tribunales de instancia deben notificar a este Tribunal, o a la Oficina del Procurador General, de la imposición de cualquier sentencia a un miembro de la profesión.

Mediante Resolución de 18 de enero de 2002, dimos por "sometido" el asunto. *Resolvemos.*

I

■ Establece la Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735), que:

El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdeameanor*), en conexión con el ejercicio de su profesión *o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por la Corte Suprema de Puerto Rico.* La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión *o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión.* A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, la Corte Suprema estará facultada para dejar sin efecto o modificar la orden de suspensión. (Énfasis suplido.)

En vista del hecho de que los delitos por los cuales fue convicto el abogado Calderón Nieves, no obstante constituir "delito grave", no tienen conexión directa con el ejercicio de la profesión de abogado, *debemos cuestionarnos si éstos implican "depravación moral".*

■ Hemos expresado, en *In re García Quintero*, 138 D.P.R. 669, 671 (1995), que

"[l]a depravación moral, tratándose de abogados, consiste ... en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. ... En general la consideramos como un estado o condición del individuo, compuesto por una deficien-

cia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en su consecuencias." (Corchetes en el original.) Citando a *Morales Merced v. Tribunal Superior*, 93 D.P.R. 423, 430 (1966).

Por otro lado, en *In re Rivera Cintrón*, 114 D.P.R. 481 (1983), nos enfrentamos a una situación *similar* a la del caso de autos, esto es, un abogado que no rindió, por varios años, la planilla de contribución sobre ingresos que todo ciudadano que percibe ingresos en nuestra jurisdicción viene en la obligación de rendir anualmente. Citando con aprobación varias decisiones de tribunales estatales y del Tribunal Supremo de Estados Unidos, expresamos que la depravación moral, tratándose de abogados, consiste "en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral" (íd., pág. 491), y que todo delito en que el *fraude* es un "ingrediente básico" siempre se ha considerado que implica "torpeza moral". En resumen, expresamos en dicho caso que consideramos la depravación o torpeza moral "como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias"; condición o situación que consideramos era aplicable a los hechos del citado caso. Íd.

En el antes citado caso *In re Rivera Cintrón*, decretamos la *separación indefinida* del abogado del ejercicio de la profesión al considerar que su acción de no presentar sus planillas de contribución sobre ingresos, unida a la "conducta contumaz" que éste había observado durante el trámite ju-

dicial del caso,(⁴) hacían imposible que continuara ejerciendo la profesión de abogado en nuestra jurisdicción.

## II

Sostiene el abogado Calderón Nieves que no procede que actuemos conforme lo hicimos en *In re Rivera Cintrón*, ante, debido a que dicho caso es "distinguible" del suyo ya que él no ha incurrido en "conducta contumaz"; ello en vista del hecho de que él —distinto a Rivera Cintrón— cumplió con todos los acuerdos a los cuales se comprometió como consecuencia de la alegación preacordada realizada, incluyendo el pago de la suma de dinero por él adeudada por concepto de contribución sobre ingresos.(⁵) *Diferimos.*

Estimamos que el delito grave de no presentar las planillas de contribución sobre ingresos denota "depravación moral". Así lo resolvimos en *In re Rivera Cintrón*, ante. Este delito claramente demuestra una deficiencia inherente del sentido de la moral y la rectitud de parte de la persona que así actúa; esto es, conlleva de parte de la persona la intención de hacer algo contrario a la honradez, los buenos principios y la moral, actuación que ciertamente es fraudulenta. *In re Rivera Cintrón*, ante. Véase, además, *In re Peña Peña*, 153 D.P.R. 642, 650 (2001), en donde expresamos, citando a *In re Rivera Cintrón*, ante, que "si se demuestra que la conducta del abogado no le hace digno de ser miembro de este foro, podemos ejercer nuestra facultad [inherente] de desaforo aunque las actuaciones del abo-

---

(⁴) Luego de ser convicto del delito de no presentar las planillas de contribución sobre ingresos, Rivera Cintrón fue condenado a pagar una multa y a sufrir cárcel. Se comprometió a satisfacer la suma de diez mil dólares ($10,000) y pagar cuatro mil dólares ($4,000) mensuales como condición para que se eliminara la pena de cárcel. Se eliminó la pena. Una vez pagados los diez mil dólares ($10,000) iniciales, éste no cumplió con el resto del acuerdo.

(⁵) Conforme surge del expediente, la suma adeudada por Calderón Nieves, por concepto de la contribución sobre ingresos que dejó de satisfacer durante 1989, 1990, 1991 y 1992, *ascendió a la suma de ciento noventa y dos mil quinientos cincuenta y dos dólares con ochenta y tres centavos ($192,552.83).*

gado hayan surgido por causas no relacionadas con el ejercicio de su profesión, *pues basta que tales actuaciones afecten las condiciones morales del querellado*". (Énfasis suplido.)

Por los fundamentos antes expresados, se ordena la separación indefinida e inmediata del ejercicio de la abogacía, y de la notaría, en Puerto Rico de Víctor Luis Calderón Nieves.[6]

Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, *de inmediato*, a incautarse de la obra y sello notarial del abogado Calderón Nieves, luego de lo cual los entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri no intervino. El Juez Asociado Señor Rivera Pérez no interviene.

---

[6] No es de aplicación al presente caso lo resuelto por este Tribunal en *In re Dubón Otero*, 153 D.P.R. 829 (2001), ello por razón de que en el caso que hoy ocupa nuestra atención hubo una *alegación de culpabilidad* por parte del abogado.