PER CURIAM:
I—1
El Ledo. Rafael Rivera Vázquez (licenciado Rivera Vázquez) fue admitido al ejercicio de la abogacía el 20 de abril de 1979 y el 2 de enero de 1980 prestó su juramento como notario.
El 26 de mayo de 2006, el licenciado Rivera Vázquez se declaró culpable en el foro federal del delito de conspiración para defraudar al servicio postal (conspiracy to commit mail fraud). En esa misma fecha, el Tribunal de Distrito Federal para el Distrito de Puerto Rico dictó una sentencia en la que condenó al abogado a doce meses de prisión, más tres años de libertad bajo supervisión electrónica. Se le impuso, además, una pena de restitución por la cantidad de $14,000.
Mediante carta de 25 de mayo de 2006, el representante legal del licenciado Rivera Vázquez nos informó sobre los hechos antes relatados y nos indicó que el licenciado Rivera Vázquez deseaba renunciar voluntariamente a su título como abogado y como notario. Nos solicitó que emitiéramos la determinación de separación correspondiente. Resolvemos.
I—I
 Hemos resuelto reiteradamente que la separación del ejercicio de la abogacía, al igual que la admisión a ese ejercicio, es facultad inherente a este Tribunal. In re Peña Peña, 153 D.P.R. 642 (2001). Como parte de dicha autoridad, puede desaforar o suspender a aquellos miembros de la profesión legal que no sean aptos para desempeñar tal ministerio. In re González Díaz, 163 D.P.R. 648 (2005). No obstante, esta facultad no se limita a aquellas causas que surjan con motivo del ejercicio de la profesión; basta con *171 que la conducta desplegada por el abogado afecte sus condiciones morales y, de esa forma, lo haga indigno de ser miembro de este foro. In re León Sánchez, 159 D.P.R. Ap. (2003); In re Calderón Nieves, 157 D.P.R. 299 (2002); In re Peña Peña, 153 D.P.R. 642 (2001); In re Rivera Cintrón, 114 D.P.R. 481 (1983).
Asimismo, la See. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. see. 735) dispone lo siguiente:
El abogado que fuere culpable de engaño, conducta inmoral {malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultada [sic] para dejar sin efecto o modificar la orden de suspensión.
La referida disposición estatutaria claramente establece que este Foro podrá suspender o destituir de su profesión a cualquier abogado que: (1) sea convicto de un delito grave {felony), (2) haya sido convicto de delito menos grave {misdemeanor) en conexión con el ejercicio de su profesión, y (3) sea convicto de cualquier delito que implique depravación moral.
Por otro lado, el Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, establece, en lo aquí pertinente, lo siguiente:
El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque *172 el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. ...
Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable.
El referido canon impone a todo abogado unas normas mínimas de conducta indispensables para preservar el honor y la dignidad de la profesión. Además, dicho canon ex-tiende la obligación de los abogados de conducirse en forma digna y honrada, a su vida privada. In re Quiñones Ayala, 165 D.P.R. 138 (2005). Ello en vista de que la apariencia de conducta impropia puede resultar muy perniciosa hacia el respeto que tiene la ciudadanía por sus instituciones de justicia y por la confianza que los clientes depositan en sus abogados. In re Vega Morales, 167 D.P.R. 331 (2005).
HH HH hH
El licenciado Rivera Vázquez fue sentenciado en el foro federal por un delito tipificado como grave. Conforme a lo dispuesto en la See. 9 de la Ley de 11 de marzo de 1909, supra, ello es motivo suficiente para suspenderlo del ejercicio de la abogacía y la notaría en Puerto Rico. Además, el abogado violó los deberes de preservación del honor y la dignidad en la profesión que le impone el referido Canon 38 del Código de Ética Profesional.
Por los fundamentos que anteceden, y dado que la sentencia condenatoria aún no es final y firme, decretamos la suspensión inmediata y provisional del Ledo. Rafael Rivera Vázquez del ejercicio de la profesión de la abogacía y de la notaría, hasta que otra cosa disponga este Tribunal. Le imponemos al licenciado Rivera Vázquez el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, de devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. *173 Además, deberá certificarnos dentro del término de treinta días, contados a partir de la notificación de esta resolución, el cumplimiento de estos deberes y notificar también de ello al Procurador General.

La oficina del Alguacil de este Tribunal procederá a incautar del sello y la obra notarial del licenciado Rivera Vázquez, y los entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rivera Pérez no intervino.