PER curiam:
I
Ricardo Corretjer Ruiz fue admitido al ejercicio de la abogacía el 7 de junio de 1967 y de la notaría el 12 de julio de 1967.
El 28 de junio de 2001 el Juez Administrador de la Región Judicial de Aibonito remitió ante nuestra consideración una copia certificada del expediente de un caso criminal en el que Corretjer Ruiz había hecho una alegación preacordada y se había declarado culpable de una infracción al Art. 22 de la Ley para la Protección de la Propiedad Vehicular (Ley de Propiedad Vehicular).
El 9 de noviembre de 2001, por estar Corretjer Ruiz suspendido indefinidamente de la profesión por un reiterado incumplimiento con la obligación de pagar la cuota del Colegio de Abogados, atendimos la comunicación referida del Juez Administrador de la Región Judicial de Aibonito, y ordenamos que los documentos procedentes del Tribunal de Primera Instancia fuesen unidos al expediente personal de Corretjer Ruiz. Dado que el delito por el cual Corretjer Ruiz había sido condenado implica depravación moral, ordenamos asimismo que si en algún momento éste solicitaba la reinstalación al ejercicio de la profesión, los referidos documentos fuesen remitidos al Procurador General para que se presentara la querella correspondiente.
Ante una solicitud de reinstalación por parte de Corretjer Ruiz, el 28 de diciembre de 2001 ordenamos que se remitiera copia de su expediente al Procurador General. El 28 de febrero de 2002 el Procurador compareció ante nos y presentó una querella contra Corretjer Ruiz por incumplir con los Cánones 35 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, y solicitó la separación permanente de éste del ejercicio de la profesión.
El 17 de septiembre de 2003 denegamos la solicitud de reinstalación de Corretjer Ruiz y le concedimos un término *501 para que contestara la querella en su contra. No habiendo éste contestado la querella, el 24 de diciembre de 2003 dimos por negadas las alegaciones de ésta y nombramos a la Hon. Ygrí Rivera de Martínez, ex juez del entonces Tribunal de Circuito de Apelaciones, para que, en presencia de las partes y en calidad de Comisionada Especial, recibiera la prueba y nos rindiera un informe con las determinaciones de hechos y recomendaciones que estimara pertinentes.
El querellado Corretjer Ruiz compareció tanto por escrito como personalmente ante la Comisionada Especial. Por su parte, el Procurador General sometió su caso a base de los expedientes ante el foro de primera instancia y el de la querella presentada.
La Comisionada Especial rindió el informe encomendado, y al estar en posición de adjudicar la querella, procedemos a hacerlo.
II
A Ricardo Corretjer Ruiz se le presentaron cargos criminales por unas infracciones al Art. 275 del Código Penal de 1974(1) y al Art. 25 de la Ley de Propiedad Vehicular(2) por hechos ocurridos en junio del 2000. El 22 de mayo de 2001, tras negociar con el Ministerio Público, éste hizo alegación de culpabilidad por violación al Art. 22 de la Ley de Propiedad Vehicular —delito menos grave— sobre prestación de información falsa.(3)
*502 El Art. 22 de la Ley de Propiedad Vehicular, supra, de cuya violación se declaró culpable el querellado, sanciona el brindar información falsa al Secretario de Transportación y Obras Públicas o a la Policía a sabiendas de que es falsa. Según se desprende del informe de la Comisionada Especial, Corretjer Ruiz preparó una declaración jurada, a sabiendas de que contenía información falsa, con el propósito de obviar los procedimientos establecidos en el Negociado de Vehículos Hurtados de la Policía de Puerto Rico.
El Canon 35 del Código de Ética Profesional, supra, consagra el deber de sinceridad y honradez que debe observar todo abogado y, en parte, dispone lo siguiente:
La conducta de cualquier miembro de la profesión legal ... debe ser sincera y honrada.
No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho ....
El abogado debe ajustarse a la sinceridad de, los hechos ...al redactar [affidavits] u otros documentos .... (Énfasis suplido.)
Por otra parte, el Canon 38 del Código de Ética Profesional, supra, dispone, en lo pertinente, lo siguiente:
El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia ....
Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable. (Énfasis suplido.)
Claramente, la conducta de Ricardo Corretjer Ruiz implicó una crasa violación a los Cánones 35 y 38 antes citados. Los actos por los cuales fue condenado —a saber, brindar informes falsos a la Policía a sabiendas de su falsedad— denotan depravación moral.(4) El hecho de *503 que incurriera en dicha conducta como parte de su función notarial contribuyó aún más a deshonrar la profesión legal. Como si fuera poco, medió el agravante de que la declaración jurada en cuestión fue preparada mientras se encontraba separado del ejercicio de la profesión por incumplir con su obligación de pagar las cuotas del Colegio de Abogados.(5)
III
En vista de lo anterior, concluimos que el querellado está claramente incapacitado para ejercer la profesión legal en Puerto Rico.
Por los fundamentos expresados, se decreta el desaforo permanente de Ricardo Corretjer Ruiz.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez concurrió sin opinión escrita. Los Jueces Asociados Señores Rebollo López y Rivera Pérez no intervinieron.

 El Art. 275 penalizaba como delito grave la falsificación de documentos con intención de defraudar. 33 L.P.R.A. see. 4595.

 El Art. 25 penaliza como delito grave el suplir, a sabiendas, información falsa a cualquier expediente físico o sistema de computadoras sobre vehículos de motor. 9 L.P.R.A. see. 3224.

 Dicho Art. 22 dispone, en lo pertinente, lo siguiente:
“Toda persona que por disposición de este capítulo viniese obligada a informar determinados hechos al Secretario de Transportación y Obras Públicas o a la Policía de Puerto Rico y no lo hiciese o suministrase informes falsos a sabiendas o teniendo razones para creer que son falsos la suministre como verdadera, incurrirá en delito menos grave ....”9 L.P.R.A. see. 3221.

 “La depravación moral, tratándose de abogados, consiste ‘en hacer algo contrario a la justicia, la honradez, los buenos principios’ y por lo tanto ... todo delito que *503 conlleve fraude como ‘ingrediente básico’ ha de siempre ser considerado como uno que implica ‘torpeza moral’.” In re León Sánchez, 159 D.P.R. Ap. (2003), Caso Núm. 10,994, Opinión per curiam, pág. 4. Véase, además, In re Calderón Nieves, 157 D.P.R. 299 (2002).

 Cabe señalar que el incumplimiento con la obligación de pago de la cuota del Colegio de Abogados ha sido un problema recurrente para Corretjer Ruiz y que, antes de haber sido suspendido del ejercicio de la profesión por ello, había recibido oportunidades para corregir su conducta.