per curiam:
En esta ocasión debemos suspender a una abogada tras ser declarada culpable en cinco cargos de de-lito menos grave por infrigir la See. 6059 del Código de Rentas Internas, 13 LPRA ant. see. 8064, al no conservar constancias suficientes para determinar su responsabilidad contributiva, según exigido por el Art. 1054(a)-1(1) del Reglamento Núm. 5078 de 3 de abril de 1998 del Departamento de Hacienda.
I
La Leda. Isel M. Falcón López fue admitida al ejercicio de la abogacía el 13 de agosto de 1986. El 14 de abril de 2009, la División de Integridad Pública, Delitos Económi-cos y Asuntos del Contralor del Departamento de Justicia y el Departamento de Hacienda presentaron diez cargos contra el matrimonio compuesto por el Ledo. Guillermo Ramos Luiña y la licenciada Falcón López por alegada violación a la Sec. 6049(d) del Código de Rentas Internas de 1994, en su modalidad de delito grave, 13 LPRA ant. sec. 8054(d). Los cargos imputaban no haber sometido las planillas de contribución sobre ingresos desde el 2003 hasta el 2007.
*691 En la vista de Regla 6 no se determinó causa probable por el delito imputado, sino por el delito menos grave de no haber rendido a tiempo planillas de contribución sobre in-gresos para los años 2003 al 2007, tipificado en la See. 6049(c), 13 LPRA ant. sec. 8054(c). El Estado acudió en alzada, sin éxito. Esto respondió a que, durante la investi-gación y el procedimiento penal, los esposos rindieron las planillas correspondientes y entregaron al Departamento de Hacienda las cantidades adeudadas ($246,236.75). Tras varios trámites procesales, el 22 de abril de 2010, el Tribunal de Primera Instancia dictó sentencia conforme a un preacuerdo en el cual los cinco cargos graves que pesaban en contra del licenciado Ramos Luiña se archivaron y la licenciada Falcón López se declaró culpable de cinco cargos menos graves de infracción a la See. 6059 del Código de Rentas Internas de 1994 (13 LPRA ant. see. 8064), el cual disponía:
Delito por Violaciones Generales al Código— toda persona que no cumpla con cualquier disposición de cualquier Subtí-tulo del Código o de los reglamentos promulgados en virtud del mismo, o con cualquier otra ley o reglamento de Puerto Rico relacionado con impuestos de rentas internas, o que a sabiendas coopere, induzca, o de otro modo ayude a una persona a violar las leyes y reglamentos mencionados y para lo cual no se haya dispuesto específicamente de otra manera en este Subtítulo, incurrirá en un delito menos grave.
En específico, la letrada se declaró culpable de violar el Art. 1054(a)l del Reglamento Núm. 5780 de 3 de abril de 1998 del Departamento de Hacienda, que dispone:
Artículo 1054(a)-1.— Constancias y planillas especiales por el contribuyente.— (a) Toda persona, excepto aquellas cuyo ingreso bruto (1) consista únicamente de salarios, sueldos o remuneración similar por servicios personales prestados, o (2) proceda tan sólo del negocio de cosechar y vender productos de la tierra, deberá, para los fines de permitir al Secretario de-terminar la cantidad correcta del ingreso sujeto a contribu-ción, llevar aquellos libros de contabilidad y conservar los do-cumentos y constancias, incluyendo inventarios, que sean *692 suficientes para establecer la cantidad del ingreso bruto y las deducciones, créditos y otros detalles que de acuerdo con el Código deben aparecer en cualquier planilla.
Se le impuso una multa y pena especial de $100 por cada cargo, la cual fue satisfecha oportunamente.
Por estos hechos, la Oficina del Procurador General nos presentó un Informe. Luego de examinarlo, el 10 de febrero de 2012 ordenamos que se presentara la querella corres-pondiente en contra de la licenciada Falcón López. En la misma se imputó violación a la See. 9 de la Ley de 11 de marzo de 1909 (4 LPRA see. 735) y al Canon 38 del Código de Ética Profesional, 4 LPRAAp. IX. Los cargos fueron los siguientes:
Cargo I: La conducta de la licenciada Isel M. Falcón López, que conllevó que fuese declarada culpable de cinco cargos menos graves por infringir la Sección 6059 del Código de Rentas Internas, violentó la Sección 9 de la Ley de 11 de marzo de 1909, 4 LPRA see. 735, la cual establece que el abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implique depravación moral, podrá ser suspendido o destituido de su profesión. In re Toro Goyco, 170 DPR 432 (2007); In re Calderón Nieves, 157 DPR 299 (2002); In re Rivera Cintrón, 114 DPR 481 (1983).
Cargo II: La licenciada Isel M. Falcón López violentó las dis-posiciones del Canon 38 de Ética Profesional al haber incu-rrido en conducta impropia y fraudulenta, lesionando así el honor y la dignidad de la profesión de abogado. Querella, pág. 2.
El 31 de mayo de 2012 se notificó la querella a la letrada y se le concedió un término de quince días, a partir del recibo de la notificación, para contestarla. En su contesta-ción aceptó los hechos, según expuestos. Además, expuso que, por decisión voluntaria, no ejercía la profesión desde principios del 2011. Invocó como defensa que la determina-ción de no causa probable por los cargos del delito grave, al ser final y firme, constituye cosa juzgada o impedimento colateral por sentencia con relación al procedimiento *693 disciplinario. También, alegó que, cuando rindió las plani-llas en cuestión, no tenía conocimiento de que estaba siendo investigada criminal o administrativamente y que el pago hecho al Departamento de Hacienda incluía el pago de principal e intereses. Además, señaló que no fue decla-rada culpable de delitos en conexión con la profesión y que la conducta por la cual fue sentenciada no implica depra-vación moral. Luego de analizar la querella y la contesta-ción de la querellada, nombramos como Comisionada Especial a la Hon. Eliadís Orsini Zayas, quien celebró varias vistas.
Entre tanto, el 13 de julio de 2012, la letrada presentó su primera Moción en la cual solicitó permiso para renun-ciar voluntariamente a la práctica de la profesión junto a una declaración jurada en la que expresaba no tener ánimo ni fuerza para enfrentar el procedimiento disciplinario en su contra ni para ejercer la profesión a causa de haber sufrido numerosas vicisitudes en su vida. Esta moción fue declarada “no ha lugar” el 26 de octubre de 2012 mediante Resolución. Además, se le concedió un término de veinte días para que expresara por qué no debía ser suspendida de la profesión como resultado de la sentencia dictada en su contra. La letrada compareció oportunamente y reiteró que no ejercía la profesión desde hacía más de dos años, y que no deseaba practicarla en el futuro, por lo que no tenía intención de defenderse de la querella en su contra.
Luego de los trámites de rigor, la Comisionada Especial rindió su Informe. Concluyó que la licenciada Falcón López no violó la See. 9 de la Ley de 11 de marzo de 1909, supra, pero que sí violó el Canon 38 del Código de Ética Profesio-nal, supra. Como “la propia abogada ha sometido una pe-tición en la que se solicita se le autorice renunciar perma-nentemente a la profesión legal” y que “esto representa que ya ella misma provee con la sanción máxima posible”, re-comendó aceptar la petición de renuncia sin emitir un dic-tamen ético. Informe de la Comisionada Especial, pág. 17.
*694 II
La Sec. 9 de la Ley de 11 de marzo de 1909, supra, establece que
[e]l abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abo-gado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser com-petente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultado para dejar sin efecto o modificar la orden de suspensión.
Esta disposición establece las instancias que ameritan separar de la profesión a un abogado. No solo cometer un delito grave o menos grave en conexión con la profesión acarrea la separación de la abogacía, sino también cualquier delito que conlleve depravación moral. In re Toro Goyco, 170 DPR 432, 436 (2007). Como los delitos por los cuales la licenciada Falcón López fue convicta no tienen conexión directa con el ejercicio de la profesión legal, debe-mos examinar si implican depravación moral.
La jurisprudencia de este Tribunal ha expresado que la depravación moral “ ‘consist [e e]n hacer algo contrario a la justicia, la honradez, los buenos principios o la moral, como el delito de extorsión o el de de[s]falco’ ”. (Énfasis suprimido). In re Toro Goyco, supra, pág. 436. Véanse: In re Vega Morales, 167 DPR 331, 335 (2006); In re Piñero Martínez, 161 DPR 293, 295-296 (2004). El análisis se fundamenta en la intención del actor y en la naturaleza enga- *695 ñosa de la acción. In re Toro Goyco, supra. Además, hemos señalado que “en cuanto a lo que implica depravación moral, [no importa] la distinción entre delito grave o menos grave”. Íd., pág. 439. En síntesis, depravación o torpeza moral es “un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido moral y la rec-titud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias”. In re Rivera Cintrón, 114 DPR 481, 491 (1983).
Específicamente, este Tribunal se ha expresado anteriormente sobre la conducta de abogados que no rinden sus planillas de contribución sobre ingresos. En In re Rivera Cintrón, supra, suspendimos al letrado indefinidamente luego de analizar su conducta de no presentar sus planillas de contribución sobre ingresos unido a conducta contumaz ante el asunto. De igual forma, en In re Calderón Nieves, 157 DPR 299 (2002), ordenamos la separación indefinida e inmediata del ejercicio de la abogacía y la notaría del abogado tras ser sentenciado conforme a una alegación preacordada por cuatro violaciones a la Sec. 145(c) de la entonces vigente Ley de Contribuciones sobre Ingresos de 1954 (13 LPRA ant. sec. 3145(c)), por no rendir sus planillas de contribución sobre ingresos. Por último, en In re Toro Goyco, supra, separamos inmediata e indefinidamente de la profesión al letrado luego de ser hallado culpable, tras una alegación preacordada, de tres cargos menos grave de violación a la entonces vigente Sec. 145(a) de la Ley de Contribuciones sobre Ingresos de 1954, supra, 13 LPRA ant. sec. 3145(a), por dejar de someter información en su planilla de contribución sobre ingresos.
Por su parte, el Código de Ética Profesional recoge las normas mínimas de conducta que rigen a los miembros de la profesión legal. Este promueve un comportamiento ejemplar por parte de los abogados en el desempeño de su *696 labor. In re Hernández González, 188 DPR 721 (2013); In re Mulero Fernández, 174 DPR 18, 28 (2008). En particular, el Canon 38, supra, dispone, en lo pertinente, que
[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. [...]
Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida pri-vada como en el desempeño de su profesión, debe conducirse en forma digna y honorable.
Consiguientemente, un abogado que no se conduce digna y honorablemente viola el Canon 38 del Código de Ética Profesional, supra. Véanse: In re Santiago Concepción, 189 DPR 378 (2013); In re Hernández Vázquez, 180 DPR 527, 541 (2010); In re Roldán Figueroa, 106 DPR 4, 12 (1977). Incluso, los abogados tienen la obligación de evitar la conducta impropia en su vida profesional y personal, tanto en la realidad como en la apariencia. In re Santiago Concepción, supra; In re Cotto Luna, 187 DPR 584 (2012); In re Peña, Santiago, 185 DPR 764, 781 (2012). De lo contrario, podrían enfrentar la suspensión o el desaforo del ejercicio de la profesión. In re Campoamor Redín, 150 DPR 138, 153 (2000).
III
La licenciada Falcón López fue hallada culpable de cinco cargos menos grave de infracción a la Sec. 6059 del Código de Rentas Internas de 1994, supra, sobre violacio-nes generales al código y a los reglamentos promulgados de acuerdo con él. En particular, la letrada se declaró culpable de violar el Art. 1054(a)-1 del Reglamento Núm. 5780, supra, que regula conservar constancias suficientes para de-terminar su responsabilidad contributiva.
*697 Según la Comisionada Especial, la conducta de la licen-ciada Falcón López no constituye depravación moral. Diferimos. En la jurisprudencia antes reseñada hemos rei-terado que este tipo de conducta sí denota depravación moral. Sus actuaciones denotan una intención de engañar y defraudar al fisco por cinco años consecutivos. No hay duda de que los delitos por los cuales fue hallada culpable muestran conducta contraria a la honradez, los buenos principios y la moral. De igual forma, violó el Canon 38 de Código de Etica Profesional, supra, al no exaltar el honor y la dignidad de la profesión.
IV
Por los fundamentos antes expuestos, ordenamos la se-paración inmediata e indefinida de Isel M. Falcón López del ejercicio de la abogacía. Le ordenamos notificar a sus clientes su inhabilidad para continuar representándolos, así como devolver tanto los expedientes de los casos pen-dientes como los honorarios recibidos por trabajos no rendidos.
Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como adminis-trativos del país en los que tenga asuntos pendientes. Dichas gestiones deberán ser notificadas a este Tribunal den-tro del término de treinta días a partir de la notificación de esta opinión per curiam y Sentencia.

Se dictará Sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no interviene. El Juez Asociado Señor Rivera García no intervino.