*In re* MARISABEL PIÑERO MARTÍNEZ, querellada.

Número: TS-8396          Resuelto: 10 de febrero de 2004

*Roberto Sánchez Ramos*, procurador general, querellante; *Marisabel Piñero Martínez*, abogada querellada que comparece por derecho propio.

PER CURIAM: La Lcda. Marisabel Piñero Martínez fue admitida al ejercicio de la abogacía el 13 de agosto de 1986 y de la notaría el 27 de febrero de 1987.

El 16 de octubre de 2003 la Lcda. Marisabel Piñero Martínez fue sentenciada por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, a una pena de nueve años de cárcel por dos cargos de violación al Art. 272 del Código Penal de Puerto Rico[1] y seis años de cárcel por dos cargos de violación al Art. 166 del Código Penal de Puerto Rico, sobre apropiación ilegal agravada;[2] cada caso habría de cumplirse concurrentemente entre sí. Ordenó la suspensión de la referida sentencia, quedando la convicta bajo la custodia legal del Tribunal de Primera Instancia hasta la expiración del periodo máximo de su sentencia, bajo las condiciones impuestas por ese tribunal.

El Procurador General formuló una querella contra la referida abogada, de acuerdo con lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909.[3] Le imputó, además, que la conducta en que incurrió la querellada era constitutiva de depravación moral y violatoria de los Cánones 23, 35 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

---

[1] 33 L.P.R.A sec. 4592.

[2] 33 L.P.R.A. sec. 4272.

[3] 4 L.P.R.A. sec. 735.

El 5 de diciembre de 2003 emitimos una resolución en la que expusimos lo siguiente:

Evaluado el Informe de la Directora de Inspección de Notarías, así como la querella presentada por el Procurador General el 4 de noviembre de 2003, y demás documentos que obran en autos, se concede un término de veinte (20) días, a la querellada para mostrar causa por la cual no deba ser suspendida indefinidamente del ejercicio de la abogacía, por haber sido convicta de delitos graves que implican depravación moral, a tenor con la sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A sección 735. Resolución de 5 de diciembre de 2003, pág. 1.

La querellada no compareció a mostrar causa.

I

■ La Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735) establece que:

El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión por el Tribunal Supremo de Puerto Rico o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultada para dejar sin efecto o modificar la orden de suspensión.

■ Hemos expresado, en *In re García Quintero*, 138 D.P.R. 669, 671 (1995), que:

"[l]a depravación moral, tratándose de abogados, consiste ...

en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. ... En general la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en su consecuencias". *Morales Merced v. Tribunal Superior*, 93 D.P.R. 423, 430 (1966); *In re Rivera Cintrón*, [114 D.P.R. 481, 491 (1983)]. (Corchetes en el original.)

■ Estimamos que los delitos por los cuales fue convicta y sentenciada la querellada son de naturaleza grave y demuestran "depravación moral". La conducta delictiva de la querellada demuestra una deficiencia inherente del sentido de la moral y la rectitud de la persona que así actúa; esto es, conlleva por parte de la persona la intención de hacer algo contrario a la honradez, los buenos principios y la moral, conducta que ciertamente es fraudulenta.(4)

Por los fundamentos antes expresados, se ordena la separación indefinida e inmediata del ejercicio de la abogacía y de la notaría en Puerto Rico de Marisabel Piñero Martínez. Le imponemos a la querellada el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta días, a partir de su notificación, el cumplimiento de estos deberes y notificar también de ello al Procurador General. La oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial de la abogada Piñero Martínez, incluyendo el Sello Notarial,

---

(4) En *In re Peña Peña*, 153 D.P.R. 642, 650 (2001), expresamos que "si se demuestra que la conducta del abogado no le hace digno de ser miembro de este foro, podemos ejercer nuestra facultad [inherente] de desaforo, aunque las actuaciones del abogado hayan surgido por causas no relacionadas con el ejercicio de su profesión, pues basta que tales actuaciones afecten las condiciones morales del querellado".

luego de lo cual los entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López no intervino.