*In re* ANA L. VEGA MORALES, querellada.

*Número:* TS-7173          *Resuelto:* 17 de marzo de 2006

*Salvador J. Antonetti Stutts*, procurador general, *Mariana D. Negrón Vargas*, subprocuradora general, y *Noemí Rivera De León*, procuradora general auxiliar, querellantes; *José Ángel Cangiano*, abogado de la abogada querellada.

PER CURIAM: La licenciada Ana L. Vega Morales fue admitida al ejercicio de la abogacía el 15 de mayo de 1981 y al ejercicio del notariado el 1 de julio del mismo año.

El 6 de mayo de 2004 el Tribunal de Primera Instancia declaró culpable a la licenciada Vega Morales por el delito de tentativa de apropiación ilegal agravada, en el caso *Pue-*

*blo v. Ana L. Vega Morales,*(¹) ello por apropiarse, junto con la Sra. Carmen Vázquez Rodríguez, también acusada, de varias piezas de ropa interior pertenecientes a la tienda Sears de Plaza del Caribe en Ponce.

Conforme surge del expediente ante nos, el Tribunal de Primera Instancia le impuso a la acusada una multa de doscientos dólares. Copia de la referida sentencia fue enviada a la Oficina del Procurador General de Puerto Rico el 21 de marzo de 2005 para la acción correspondiente.

El 15 de noviembre de 2005 el Procurador General formuló una querella contra la referida abogada, en conformidad con lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909,(²) por tratarse de un delito menos grave que implica depravación moral. Sostuvo, además, que la conducta exhibida por la licenciada Vega Morales violaba el Canon 38 del Código de Ética Profesional.(³)

Examinado el Informe del Procurador General de Puerto Rico, le concedimos a la licenciada Vega Morales un término de treinta días para que se expresara. El 17 de febrero de 2006 la licenciada Vega Morales presentó su contestación a la querella, representada por el licenciado José A. Cangiano. Alegó que las disposiciones de la Sec. 9, *supra*, no le aplicaban, porque el delito por el cual se le declaró culpable no fue cometido en el desempeño de sus funciones como abogada, no es un delito grave ni implica depravación moral.(⁴)

Respecto a la imputada violación del Canon 38 del Código de Ética Profesional, *supra*, alegó que, aunque no actuó correctamente, sus clientes no resultaron afectados por las acciones cometidas en su vida personal. Añadió que aunque su conducta fue impropia, no fue de tal magnitud

---

(¹) Caso JPD-2002-G0970. Las partes llegaron a un acuerdo en el que solicitaron que se enmendara el delito de apropiación ilegal agravada por el de tentativa de apropiación ilegal agravada, lo cual aprobó el tribunal. La acusada alegó culpabilidad y el tribunal la aceptó, y la declaró culpable y convicta de tal delito.

(²) 4 L.P.R.A. sec. 735.

(³) 4 L.P.R.A. Ap. IX.

(⁴) Contestación al Informe del Procurador, pág. 2.

que merezca una suspensión o un desaforo de la profesión.([5]) Resolvemos.

## I

■ La Sec. 9 de la Ley de 11 de marzo de 1909 dispone lo siguiente:

El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión *o que fuere culpable de cualquier delito que implicare depravación moral*, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultad[o] para dejar sin efecto o modificar la orden de suspensión. 4 L.P.R.A. sec. 735.

■ El referido canon claramente establece que este Foro podrá suspender o destituir de su profesión a cualquier abogado que sea convicto de un delito grave (*felony*), que haya sido convicto de delito menos grave (*misdemeanor*) en conexión con el ejercicio de su profesión y que sea convicto de cualquier delito que implique depravación moral.

■ Hemos expresado que "[l]as funciones que les competen a los abogados como oficiales del tribunal, hacen que un abogado convicto de delito grave o menos grave que implique depravación moral esté incapacitado para desem-

---

([5]) Íd., pág. 4.

peñar éticamente los deberes y obligaciones que como miembro de la profesión le corresponden".[6]

■ A esos efectos, hemos resuelto que

"[l]a depravación moral, tratándose de abogados, consiste ... en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. ... En general la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias".[7]

■ Por su parte, el Canon 38 del Código de Ética Profesional, *supra*, dispone, en lo pertinente, lo siguiente:

El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. ...
Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable.

■ En *In re Sepúlveda Girón*, 155 D.P.R. 345, 361 (2001), señalamos que "[l]a apariencia de conducta impropia puede resultar muy perniciosa al respeto de la ciudadanía por sus instituciones de justicia y por la confianza que los clientes depositan en sus abogados". "Cada abogado es un espejo en que se refleja la imagen de la profesión. Sus actuaciones reflejan ante la comunidad las bases del concepto que ésta se forme, no solamente del abogado particular que actúa, sino también de la clase profesional toda que debe representar la limpieza, lealtad, y el más escrupuloso sentido de responsabilidad".[8]

---

[6] *In re Boscio Monllor*, 116 D.P.R. 692, 697 (1985).

[7] *In re Piñero Martínez*, 161 D.P.R. 293, 295–296 (2004). Véase *In re García Quintero*, 138 D.P.R. 669, 671 (1995).

[8] *In re Ramírez Ferrer*, 147 D.P.R. 607, 616 (1999).

En el presente caso la licenciada Vega Morales fue condenada ante el foro de primera instancia por tentativa de apropiación ilegal. Ello por haberse apropiado de varias piezas de ropa pertenecientes a la tienda Sears de Plaza del Caribe en Ponce.

Sostiene que por no tratarse de un delito que implique depravación moral no debe ser suspendida del ejercicio de su profesión. Añade que "no ha dejado de preocuparse por el respeto y la seguridad de la vida humana" y que "los hechos por los que fue acusada no son esencialmente malos, dolosos, fraudulentos, inmorales, viles en su naturaleza ni dañinos en sus consecuencias".[9] No compartimos su criterio.

Los actos por los cuales la licenciada Vega Morales fue condenada ante el foro primario ejemplifican, claramente, depravación moral y constituyen motivo suficiente para suspenderla del ejercicio de la abogacía y la notaría en Puerto Rico, en conformidad con lo dispuesto en la Sec. 9, *supra*. Su actuación denota un comportamiento contrario a la justicia, la honradez, los buenos principios y la moral.

Su conducta tampoco fue sincera ni honrada. El apropiarse de ropa y artículos de una tienda sin pagar por ellos demuestra claramente una falta de honestidad de la licenciada Vega Morales. No albergamos duda de que lesiona la imagen de la profesión legal quien entra a una tienda con la intención de sustraer ropa y otros artículos sin pagar por ellos. Por todo ello, su conducta constituye una violación a lo dispuesto en el Canon 38 del Código de Ética Profesional, *supra*.

*En vista de lo anterior, procede que decretemos la suspensión de la licenciada Vega Morales inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Se le impone a la licenciada Vega Morales el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su*

---

[9] Contestación al Informe del Procurador, pág. 3.

*suspensión a los foros judiciales y administrativos. Deberá, además, certificarnos dentro del término de treinta días a partir de la notificación de esta opinión "per curiam" y sentencia, del cumplimiento con esos deberes. El Alguacil de este Tribunal procederá a incautarse de la obra y del sello notarial de la Sra. Ana L. Vega Morales, y a entregarlos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López y la Juez Asociada Señora Rodríguez Rodríguez no intervinieron.