EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Pablo Valentín Torres | 2013 TSPR 155 <br><br> 189 DPR ____ |

Número del Caso: TS-8262

Fecha: 26 de diciembre de 2013

Materia: Conducta Profesional – La suspensión del será efectiva el 23 de diciembre de 2013, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Pablo Valentín Torres                TS-8262

PER CURIAM

San Juan, Puerto Rico, a 26 de diciembre de 2013.

Nos vemos obligados a suspender a un miembro de la profesión jurídica porque este fue encontrado culpable del delito de conspiración para cometer fraude postal, delito que implica depravación moral. Por los fundamentos esbozados a continuación, se ordena la suspensión inmediata e indefinida del Lcdo. Pablo Valentín Torres del ejercicio de la abogacía.

I.

El licenciado Valentín Torres fue admitido al ejercicio de la abogacía el 10 de enero de 1986 y juramentó como notario el 22 de agosto de ese mismo año. El 2 de diciembre de 2008 este renunció voluntariamente al ejercicio de la notaría.

El 27 de agosto de 2008 el licenciado Valentín Torres fue sentenciado a 12 meses y un día en prisión y tres años de probatoria, por el delito de conspiración para cometer fraude postal, 18 U.S.C. secs. 1341, 1346 y 1349, por la Corte de Distrito federal para el Distrito de Puerto Rico. Dicho delito dispone que:

> [w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. 18 U.S.C. sec. 1341.

La Secretaría de la Corte de Distrito federal nos remitió copia certificada de la referida Sentencia el pasado 3 de diciembre. Transcurrieron más de cinco años desde que se dictó y la misma ya había advenido final y firme. Incluso, el letrado terminó de cumplir su condena. Sin embargo, este nunca nos informó de esta situación. Tampoco lo hizo la Oficina del Procurador General. De hecho, el

licenciado Valentín Torres compareció recientemente ante nos solicitando autorización para darse de baja voluntaria de la profesión y no hizo mención alguna de la Sentencia.

II.

Como parte de su facultad inherente de reglamentar la profesión legal, este Tribunal puede desaforar o suspender a aquellos abogados no aptos para ejercer la profesión, entre otras razones, por toda conducta que afecte sus condiciones morales y lo haga indigno de pertenecer a este foro. In re Martínez Maldonado, 185 D.P.R. 1085, 1087 (2012); In re Morell Corrada, 171 D.P.R. 327, 330 (2007). Es conocido que aquellos abogados que fueren hallados culpables por engaño, conducta inmoral, delito grave o delito menos grave, en conexión con el ejercicio de su profesión o que fueren culpables de cualquier delito que implicare depravación moral, podrán ser suspendidos o destituidos de su profesión por este Tribunal. In re Isel M. Falcón López, 2013 T.S.P.R. 123, 189 D.P.R. ___ (2013). In re Toro Goyco, 170 D.P.R. 432, 436 (2007). Así lo establece la Sec. 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735. De particular pertinencia al caso ante nos, dicha disposición establece que "[a] la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados". Íd.

Hemos indicado que cuando de una sentencia federal surge que un abogado cometió unos hechos que implican depravación moral, procede su separación inmediata de la

profesión legal. In re Arroyo Arroyo, 182 D.P.R. 83, 85 (2011). Además, cuando esta adviene final y firme, procede automáticamente la suspensión indefinida del abogado. In re Martínez Maldonado, *supra*, pág. 1088.

Por otra parte, este Tribunal ha definido depravación moral como una actuación contraria a la justicia, la honradez, los buenos principios o la moral. In re Isel M. Falcón López, *supra*, págs. 6-7; In re Toro Goyco, *supra*, págs. 436-437; In re Vega Morales, 167 D.P.R. 331, 335 (2006); In re Piñero Martínez, 161 D.P.R. 293, 295-296 (2004). A su vez, hemos considerado que en todo delito en que el fraude es un ingrediente básico se considera que implica torpeza moral. In re Toro Goyco, *supra,* pág. 436; Véase Jordan v. De George, 341 U.S. 223 (1951).

### III.

Como ya indicamos, el licenciado Valentín Torres fue hallado culpable por el delito de conspiración para cometer fraude postal por la Corte de Distrito federal para el Distrito de Puerto Rico. No tenemos dudas que el mismo implica depravación moral. Por ello, procede su suspensión indefinida e inmediata de la profesión legal.

Es importante resaltar que este letrado lleva desde el 2008 ejerciendo la profesión cuando debió estar suspendido. Nunca nos informó sobre su sentencia de culpabilidad. Ni siquiera ahora que solicita su renuncia voluntaria hace mención del proceso criminal que enfrentó.

IV.

En vista de lo anterior, se suspende inmediata e indefinidamente al licenciado Valentín Torres del ejercicio de la abogacía. El licenciado deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, informará su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de (30) treinta días a partir de la notificación de esta Opinión y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Pablo Valentín Torres                TS-8262

SENTENCIA

San Juan, Puerto Rico, a 26 de diciembre de 2013.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al licenciado Valentín Torres del ejercicio de la abogacía. El licenciado deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, informará su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de (30) treinta días a partir de la notificación de esta Opinión y Sentencia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y la Jueza Asociada señora Pabón Charneco no intervinieron.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo