per curiam:
Nos vemos obligados a suspender a un miembro de la profesión jurídica por haber sido encontrado culpable del delito de conspiración para cometer fraude postal, delito que implica depravación moral. Por los fun-damentos esbozados a continuación, se ordena la suspen-sión inmediata e indefinida del Ledo. Pablo Valentín Torres del ejercicio de la abogacía.
*1065 I
El licenciado Valentín Torres fue admitido al ejercicio de la abogacía el 10 de enero de 1986 y juramentó como nota-rio el 22 de agosto de ese mismo año. El 2 de diciembre de 2008 este renunció voluntariamente al ejercicio de la notaría.
El 27 de agosto de 2008 la Corte de Distrito federal para el Distrito de Puerto Rico sentenció al licenciado Valentín Torres a 12 meses y un día en prisión, y a tres años de probatoria, por el delito de conspiración para cometer fraude postal (18 USCA sees. 1341, 1346 y 1349). Dicho de-lito dispone, en lo pertinente:
Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. 18 USCA sec. 1341.
La Secretaría de la Corte de Distrito federal nos remitió una copia certificada de la referida Sentencia el pasado 3 de diciembre. Transcurrieron más de cinco años desde que se dictó y la misma ya había advenido final y firme. In-cluso, el letrado terminó de cumplir su condena. Sin embargo, este nunca nos informó de esta situación. Tampoco *1066 lo hizo la Oficina del Procurador General. De hecho, el li-cenciado Valentín Torres compareció recientemente ante nos solicitando autorización para darse de baja voluntaria de la profesión y no hizo mención alguna de la Sentencia.
II
Como parte de su facultad inherente de reglamentar la profesión legal, este Tribunal puede desaforar o suspender a aquellos abogados no aptos para ejercer la profesión, entre otras razones, por toda conducta que afecte sus condiciones morales y lo haga indigno de pertenecer a este foro. In re Martínez Maldonado, 185 DPR 1085, 1087 (2012); In re Morell Corrada, 171 DPR 327, 330 (2007). Es conocido que aquellos abogados que sean hallados culpables por engaño, conducta inmoral, delito grave o delito menos grave, en conexión con el ejercicio de su profesión, o que culpables de cualquier delito que implique depravación moral, este Tribunal podrá suspenderlos o destituirlos de su profesión. In re Falcón López, 189 DPR 689 (2013); In re Toro Goyco, 170 DPR 432, 436 (2007). Así lo establece la See. 9 de la Ley de 11 de marzo de 1909 (4 LPRA sec. 735). De particular pertinencia al caso ante nos, dicha disposición establece que “[a] la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del [R]egistro de [A]bogados”. 4 LPRA sec. 735.
Hemos indicado que cuando de una sentencia federal surge que un abogado cometió unos hechos que implican depravación moral, procede su separación inmediata de la profesión legal. In re Arroyo Arroyo, 182 DPR 83, 85 (2011). Además, cuando esta adviene final y firme, procede automáticamente la suspensión indefinida del abogado. In re Martínez Maldonado, supra, pág. 1088.
Por otra parte, este Tribunal ha definido “depravación moral” como una actuación contraria a la justicia, la *1067 honradez, los buenos principios o la moral. In re Falcón López, supra, pág. 695; In re Toro Goyco, supra, págs. 436-437; In re Vega Morales, 167 DPR 331, 335 (2006); In re Piñero Martínez, 161 DPR 293, 295-296 (2004). A su vez, hemos considerado que en todo delito en que el fraude es un ingrediente básico se considera que implica torpeza moral. In re Toro Goyco, supra, pág. 436; Véase Jordan v. De George, 341 US 223 (1951).
III
Como ya indicamos, el licenciado Valentín Torres fue hallado culpable por el delito de conspiración para cometer fraude postal por la Corte de Distrito federal para el Dis-trito de Puerto Rico. No tenemos dudas que tal delito im-plica depravación moral. Por ello, procede su suspensión indefinida e inmediata de la profesión legal.
Es importante resaltar que este letrado lleva desde el 2008 ejerciendo la profesión cuando debió estar suspendido. Nunca nos informó sobre su sentencia de culpabilidad. Ni siquiera ahora que solicita su renuncia voluntaria hace mención del proceso criminal que enfrentó.
IV
En vista de lo anterior, se suspende inmediata e indefi-nidamente al licenciado Valentín Torres del ejercicio de la abogacía. El licenciado deberá notificar a sus clientes que, por motivo de la suspensión, no puede continuar con su representación legal y les devolverá los expedientes de cual-quier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, informará su suspensión a cualquier sala del Tribunal General de Justicia o foro ad-ministrativo en el que tenga algún caso pendiente. Estas gestiones deberán certificarse a este Tribunal dentro del tér- *1068 mino de treinta días a partir de la notificación de esta opi-nión y Sentencia.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez y la Jueza Asociada Señora Pabón Charneco no intervinieron.